

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

STEVEN W. MYHRE
Acting United States Attorney
Nevada State Bar Number 9635
LISA C. CARTIER GIROUX
Assistant United States Attorney
Nevada Bar Number 14040
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6418
Lisa.Cartier-Giroux@usdoj.gov

Attorney for the United States of America

_____ FILED        _____ RECEIVED
_____ ENTERED          _____ SERVED ON
                  COUNSEL/PARTIES OF RECORD

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>SERGIO BARAJAS,<br><br>ALAN CASSELL,<br><br>ELENA MILLNER,<br><br>BENJAMIN STUELKE,<br><br>MICHELLE ACOSTA,<br>a/k/a "Michelle Mullens"<br><br>ART ACOSTA, and<br><br>ERNESTO GARCIA<br><br>             Defendants. | CASE NO: 2:17-cr- 316<br><br>**SEALED**<br>**CRIMINAL INDICTMENT**<br><br>VIOLATIONS:<br><br>18 U.S.C. §§ 371; 666 - Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds;<br><br>18 U.S.C. § 666 - Bribery Concerning Programs Receiving Federal Funds;<br><br>18 U.S.C. § 1344 – Bank Fraud;<br><br>18 U.S.C. § 2 – Aiding and Abetting |

**THE GRAND JURY CHARGES THAT:**

<u>INTRODUCTORY ALLEGATIONS</u>

At times material to this Indictment:

1.     The National Community Stabilization Trust (NCST) is a non-profit Nevada corporation created in 2008 in response to the national mortgage-housing foreclosure crisis. In September of 2010, the United States Department of Housing and Urban Development (HUD) announced the National First Look Program, a first ever public-private partnership agreement between HUD and the NCST.  The NCST and HUD entered into a memorandum of understanding detailing the joint public private partnership, which aimed at improving the effectiveness of HUD's policies and programs carried out under Neighborhood Stabilization Program (NSP) through the First Look Program, and improving opportunities for NSP grantees to purchase foreclosures based on the NCST's relationships with financial institutions. Financial institutions such as Bank of America, Citibank, and Chase Bank made their foreclosures available through the NCST for approved non-profit buyers to gain access to the homes on a "First Look" basis -- before owner-occupiers or investors, and at a discounted price. The NCST approved the non-profits for participation in the NCST First Look program as well as performed oversight of the resale of the homes.

2.     During each consecutive twelve month fiscal year relevant to this Indictment, the NCST received benefits in excess of $10,000.00 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance[1].

---

[1] The fiscal year begins on the1st of October of the prior year and ends on the 30th of September of the year in which it ends.

3.      Beginning on or about April of 2009 and continuing through on or about September of 2015, **SERGIO BARAJAS (defendant BARAJAS)** was a salaried employee of the NCST. Beginning on or about October of 2010 and continuing through on or about September of 2015, **defendant BARAJAS** was Director of Community Development for the NCST.  His duties as Director of Community Development included bringing on new NCST buyers, developing NCST seller guidelines, and being a subject matter expert on neighborhood stabilization and the HUD NSP and NCST First Look programs. **Defendant BARAJAS** also approved non-profits for participation in the NCST First Look Program, participated in the determination of which non-profit was awarded NCST homes, and performed oversight of the resale of NCST homes.

## COUNT ONE

Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §§ 371; 666)
**(DEFENDANTS BARAJAS AND CASSELL)**

1.      The allegations set forth in the Introductory Allegations of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.      From on or about December of 2011, and continuing through on or about October of 2012, in the State and Federal District of Nevada and elsewhere, **defendant BARAJAS and  ALAN CASSELL (defendant CASSELL)**, the defendants, and others known and unknown to the Grand Jury, did combine, conspire, confederate and agree to commit offenses against the United States in violation of Title 18, United States Code, Section 666, to wit:

a. **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year alleged herein, did corruptly solicit and demand for the benefit of any person, and solicit, demand, accept and agree to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more; and

b. **defendant CASSELL** did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward **defendant BARAJAS** in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

### *Objects of the Conspiracy*

3.     The purpose of the conspiracy was for **defendants BARAJAS and CASSELL** and their co-conspirators to unlawfully enrich themselves through the purchase and resale of NCST foreclosed homes. **Defendant BARAJAS** sold his influence at the NCST to **defendant CASSELL** and their co-conspirators to accelerate the NCST First Look approval process, to grant access to different housing markets/regions, to approve the purchase of NCST homes, and to oversee compliance with NCST and HUD-NSP guidelines in the resale of NCST homes.

### *Manner and Means of the Conspiracy*

4.     The objects of the conspiracy were carried out, in substance, by **defendants BARAJAS and CASSELL,** and others known and unknown to the

4

Grand Jury, using the following manner and means of carrying out the conspiracy, specifically:

a. **defendant CASSELL** did pay money to **defendant BARAJAS'** personal and business accounts using his personal accounts and the business accounts of Ignition Ventures and Heartland Coalition, intending to gain influence at the NCST and access to NCST homes, and to reward **defendant BARAJAS**.

b. **defendant BARAJAS** did accept money from **defendant CASSELL** in exchange for his influence at the NCST in the approval process, access to NCST homes, and oversight over the resale of NCST homes.

### *Acts In Furtherance of the Conspiracy*

5.     In furtherance of the conspiracy and to accomplish its objects, **defendants BARAJAS and CASSELL**, together and with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, within the District of Nevada and elsewhere:

Overt Act #1: **defendant BARAJAS** did, in addition to other acts, attempt to and commit the conduct alleged below in Counts 2-8;

Overt Act #2: **defendant CASSELL** did, in addition to other acts, attempt to and commit the conduct alleged below in Count 9;

Overt Act #3: **defendant BARAJAS** approved Heartland Coalition's application to participate in the NCST First Look Program on or about December of 2011;

Overt Act #4: during the period of on or about December of 2011 through on or about October 3, 2012, Heartland Coalition received approximately six hundred twenty-six NCST foreclosures and made approximately $2,800,000.00 from the resale of those homes.

Overt Act #5: during the period of on or about May 24, 2012 through on or about October 3, 2012, **defendant CASSELL**, d/b/a Heartland Coalition and Ignition Ventures, paid **defendant BARAJAS**, approximately $185,025.00. The checks written by **defendant CASSELL** were deposited into **defendant BARAJAS'** personal and business bank accounts. **Defendant CASSELL** paid the monies to **defendant BARAJAS** just prior to purchasing NCST homes or after the homes were resold.

All in violation of Title 18, United States Code, Sections 371 and 666.

## COUNT TWO

Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §§ 371; 666)
**(DEFENDANTS BARAJAS, MILLNER, and A. ACOSTA)**

1.    The allegations set forth in the Introductory Allegations of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.    From on or about November of 2011, and continuing through on or about May of 2014, in the State and Federal District of Nevada and elsewhere, **defendant BARAJAS, ELENA MILLNER (defendant MILLNER), and ART ACOSTA (defendant A. ACOSTA)**, the defendants, and others known and unknown to the Grand Jury, did combine, conspire, confederate and agree to commit offenses against the United States in violation of Title 18, United States Code, Section 666, to wit:

6

a. **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year alleged herein, did corruptly solicit and demand for the benefit of any person, and solicit, demand, accept and agree to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more; and

b. **defendants MILLNER and A. ACOSTA** did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward defendant **BARAJAS** in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

### *Objects of the Conspiracy*

3. The purpose of the conspiracy was for **defendants BARAJAS, MILLNER, and A. ACOSTA,** and their co-conspirators to unlawfully enrich themselves through the purchase and resale of NCST foreclosed homes. **Defendant BARAJAS** sold his influence at the NCST to **defendants MILLNER and A. ACOSTA** and their co-conspirators to accelerate the NCST First Look approval process, to grant access to different housing markets/regions, to approve the purchase of NCST homes, and to oversee compliance with NCST and HUD-NSP guidelines in the resale of NCST homes.

### *Manner and Means of the Conspiracy*

4. The objects of the conspiracy were carried out, in substance, by **defendants BARAJAS, MILLNER, and A. ACOSTA,** and others known and

unknown to the Grand Jury, using the following manner and means of carrying out the conspiracy, specifically:

a. **defendants MILLNER and A. ACOSTA** did pay money to **defendant BARAJAS'** personal and business accounts, and to one another using their personal accounts and the business accounts of Positive Housing Equations and Alliance for Revitalized Communities, intending to gain influence at the NCST and access to NCST homes, and to reward **defendant BARAJAS.**

b. **defendant BARAJAS** did accept money from **defendants MILLNER and A. ACOSTA** in exchange for his influence at the NCST in the approval process, access to NCST homes, and oversight over the resale of NCST homes.

### *Acts In Furtherance of the Conspiracy*

5.      In furtherance of the conspiracy and to accomplish its objects, **defendants BARAJAS, MILLNER, and A. ACOSTA,** together and with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, within the District of Nevada and elsewhere:

Overt Act #1: **defendant BARAJAS** did, in addition to other acts, attempt to and commit the conduct alleged in Count 1 and below in Counts 3-8;

Overt Act #2: **defendant MILLNER** did, in addition to other acts, attempt to and commit the conduct alleged below in Count 10;

Overt Act #3: **defendant A. ACOSTA** did, in addition to other acts, attempt to and commit the conduct alleged below in Counts 3; 10; and 12;

Overt Act #4: during the period of on or about February 1, 2011 through on or about May 29, 2014, Alliance for Revitalized Communities received approximately one hundred and sixty-seven NCST homes and made approximately $13,000,000.00 from the resale of those homes. Alliance for Revitalized Communities is owned by Positive Housing Equations and Presidio Realty Advisors. **Defendants MILLNER and A. ACOSTA** are business partners/owners of Positive Housing Equations;

Overt Act #5: during the period of on or about November 1, 2011 through on or about May 29, 2014, **defendants MILLNER and A. ACOSTA**, d/b/a Positive Housing Equations, paid **defendant BARAJAS** approximately $149,828.17. The checks written on the Positive Housing Equations' business bank account of **defendants MILLNER and A. ACOSTA** were deposited into **defendant BARAJAS'** personal and business bank accounts. **Defendants MILLNER and A. ACOSTA** paid the monies to **defendant BARAJAS** just prior to purchasing NCST homes or after the homes were resold;

All in violation of Title 18, United States Code, Sections 371 and 666.

## COUNT THREE

Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §§ 371; 666)
**(DEFENDANTS BARAJAS, STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA)**

1.      The allegations set forth in the Introductory Allegations of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.      From on or about April of 2013, and continuing through on or about May of 2014, in the State and Federal District of Nevada and elsewhere, **defendant**

9

BARAJAS, BENJAMIN STUELKE (defendant STUELKE), MICHELLE ACOSTA (defendant M. ACOSTA), defendant A. ACOSTA, and ERNESTO GARCIA (defendant GARCIA), the defendants, and others known and unknown to the Grand Jury, did combine, conspire, confederate and agree to commit offenses against the United States in violation of Title 18, United States Code, Section 666, to wit:

a. **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year alleged herein, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more; and

b. **defendants STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA** did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward defendant **BARAJAS** in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

### *Objects of the Conspiracy*

3.     The purpose of the conspiracy was for **defendants BARAJAS, STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA** and their co-conspirators to unlawfully enrich themselves through the purchase and resale of NCST foreclosed homes. **Defendant BARAJAS** sold his influence at the NCST to **defendants STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA** and their co-conspirators to accelerate the NCST First Look approval process, to grant access to different housing

markets/regions, to approve the purchase of NCST homes, and to oversee compliance with NCST and HUD-NSP guidelines in the resale of NCST homes.

### *Manner and Means of the Conspiracy*

4.      The objects of the conspiracy were carried out, in substance, by defendants **BARAJAS, STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA,** and others known and unknown to the Grand Jury, using the following manner and means of carrying out the conspiracy, specifically:

a. **defendants STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA** did pay money to **defendant BARAJAS'** personal and business accounts, and to one another using their personal accounts and the business accounts of HomeStrong USA, 33 LLC, and Fine Line Investments, intending to gain influence at the NCST and access to NCST homes, and to reward **defendant BARAJAS.**

b. **defendant BARAJAS** did accept money from **defendants STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA** in exchange for his influence at the NCST in the approval process, access to NCST homes, and oversight over the resale of NCST homes.

### *Acts In Furtherance of the Conspiracy*

5.      In furtherance of the conspiracy and to accomplish its objects, defendants **BARAJAS, STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA,** together and with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, within the District of Nevada and elsewhere:

Overt Act #1: **defendant BARAJAS** did, in addition to other acts, attempt to and commit the conduct alleged in Counts 1-2 and below in Counts 4-8;

Overt Act #2: **defendant STUELKE** did, in addition to other acts, attempt to and commit the conduct alleged below in Counts 11-14;

Overt Act #3: **defendant M. ACOSTA** did, in addition to other acts, attempt to and commit the conduct alleged below in Count 12;

Overt Act #4: **defendant A. ACOSTA** did, in addition to other acts, attempt to and commit the conduct alleged in Count 2 and below in Counts 10 and 12;

Overt Act #5: **defendant GARCIA** did, in addition to other acts, attempt to and commit the conduct alleged below in Counts 12-14;

Overt Act #6: on April 11, 2013, **defendant STUELKE**, using his personal bank account wrote a check in the amount of $5,100.00 to **defendant BARAJAS**. On December 11, 2013, **defendant STUELKE** using a business bank account of HomeStrong USA, wrote a check in the amount of $15,700.00 to **defendant BARAJAS**. On May 16, 2014, **defendant STUELKE** using a business bank account of HomeStrong USA, wrote a check in the amount of $14,000.00 to **defendant BARAJAS**.

Overt Act #7: during the period of on or about June 28, 2013 through on or about May of 2014, on three separate NCST properties sold to HomeStrong USA, to wit: 8626 Stark St., Riverside, CA; 25474 26th St., San Bernardino, CA; and 782 W. 23rd St., San Bernardino, CA, **defendant STUELKE**, d/b/a HomeStrong USA, wrote checks to **defendant GARCIA**, d/b/a Fine Line Investments, the purported realtor on each of the transactions, for an amount totaling approximately $193,763.13.

**Defendant GARCIA** wrote checks to **defendants A. ACOSTA and M. ACOSTA,** d/b/a 33 LLC, for an amount totaling approximately $73,347.81, who ultimately wrote checks to **defendant BARAJAS'** business account for an amount totaling approximately $28,488.77, all in an effort to conceal the money ultimately paid to **defendant BARAJAS** on each of the NCST property transactions awarded to HomeStrong USA by the NCST.

All in violation of Title 18, United States Code, Sections 371 and 666.

## COUNT FOUR

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(1)(B))
**(DEFENDANT BARAJAS)**

1.     The allegations set forth in the Introductory Allegations and Count One of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.     From on or about December of 2011, and continuing through on or about October 3, 2012, in the State and Federal District of Nevada and elsewhere, **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year beginning on October 1, 2011 and ending on September 30, 2013, did corruptly solicit and demand for the benefit of any person, and solicit, demand, accept and agree to accept a thing of value from **defendant CASSELL,** d/b/a Heartland Coalition, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT FIVE

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(1)(B))
**(DEFENDANT BARAJAS)**

1.     The allegations set forth in the Introductory Allegations and Count Two of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.     From on or about November of 2011, and continuing through on or about May 29, 2014, in the State and Federal District of Nevada and elsewhere, **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year beginning on October 1, 2011 and ending on September 30, 2014, did corruptly solicit and demand for the benefit of any person, and solicit, demand, accept and agree to accept a thing of value from **defendants MILLNER and A. ACOSTA**, d/b/a Positive Housing Equations, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT SIX

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(1)(B))
**(DEFENDANT BARAJAS)**

1.     The allegations set forth in the Introductory Allegations of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.     From on or about May 23, 2013, and continuing through on or about July 16, 2014, in the State and Federal District of Nevada and elsewhere, **defendant BARAJAS,** being an agent of the NCST, an organization that received more than

14

$10,000.00 of federal funds during each twelve month fiscal year beginning on October 1, 2012 and ending on September 30, 2014, did corruptly solicit and demand for the benefit of any person, and solicit, demand, accept and agree to accept a thing of value from "G.B.," d/b/a GRB Holdings, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT SEVEN

**Bribery Concerning Programs Receiving Federal Funds**
(18 U.S.C. §666(a)(1)(B))
**(DEFENDANT BARAJAS)**

1.     The allegations set forth in the Introductory Allegations and Count Three of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.     From on or about April 11, 2013, and continuing through on or about May 19, 2014, in the State and Federal District of Nevada and elsewhere, **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year beginning on October 1, 2012 and ending on September 30, 2014, did corruptly solicit and demand for the benefit of any person, and solicit, demand, accept and agree to accept a thing of value from **defendant STUELKE**, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT EIGHT

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(1)(B))
**(DEFENDANT BARAJAS)**

1.  The allegations set forth in the Introductory Allegations and Count Three of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.  On or about October 25, 2013 and continuing through on or about March 14, 2014, in the State and Federal District of Nevada and elsewhere, **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during the twelve month fiscal year beginning on October 1, 2013 and ending on September 30, 2014, did corruptly solicit and demand for the benefit of any person, and solicit, demand, accept and agree to accept a thing of value from **defendants M. ACOSTA and A. ACOSTA,** d/b/a 33 LLC, intending to be influenced and rewarded in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT NINE

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(2))
**(DEFENDANT CASSELL)**

1.  The allegations set forth in the Introductory Allegations and Count One of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.  From on or about December of 2011, and continuing through on or about October 3, 2012, in the State and Federal District of Nevada and elsewhere,

16

defendant **CASSELL,** d/b/a Heartland Coalition, did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year beginning on October 1, 2011 and ending on September 30, 2013, in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT TEN

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(2) and 2)
**(DEFENDANTS MILLNER and A. ACOSTA)**

1.      The allegations set forth in the Introductory Allegations and Count Two of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.      From on or about November of 2011, and continuing through on or about May 29, 2014, in the State and Federal District of Nevada and elsewhere, **defendants MILLNER and A. ACOSTA,** d/b/a Positive Housing Equations and Alliance for Revitalized Communities, did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year beginning on October 1, 2011 and ending on September 30, 2014, in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

## COUNT ELEVEN

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(2))
**(DEFENDANT STUELKE)**

1.     The allegations set forth in the Introductory Allegations and Count Three of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.     From on or about April 11, 2013, and continuing through on or about May 19, 2014, in the State and Federal District of Nevada and elsewhere, **defendant STUELKE**, did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward **defendant BARAJAS,** being an agent of the NCST, an organization that received more than $10,000.00 of federal funds during each twelve month fiscal year beginning on October 1, 2012 and ending on September 30, 2014, in connection with a transaction and series of transactions of the NCST involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT TWELVE

Bribery Concerning Programs Receiving Federal Funds
(18 U.S.C. §666(a)(2) and 2)
**(DEFENDANTS A. ACOSTA, M. ACOSTA, STUELKE and GARCIA)**

1.     The allegations set forth in the Introductory Allegations and Count Three of this Indictment are re-alleged and incorporated herein as if set forth in full.

2.     From On or about October 25, 2013, and continuing through on or about March 14, 2014, in the State and Federal District of Nevada and elsewhere, **defendants M. ACOSTA and A. ACOSTA,** d/b/a 33 LLC, **defendant STUELKE,** d/b/a HomeStrong USA, and **defendant GARCIA,** d/b/a Fine Line Investments, did

18

1  corruptly give, offer, and agree to give a thing of value to any person intending to

2  influence and reward **defendant BARAJAS,** being an agent of the NCST, an

3  organization that received more than $10,000.00 of federal funds during the twelve

4  month fiscal year beginning on October 1, 2013 and ending on September 30, 2014,

5  in connection with a transaction and series of transactions of the NCST involving

6  $5,000 or more.

7       All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

8  

**COUNTS THIRTEEN THROUGH FOURTEEN**

9  Bank Fraud
(18 U.S.C. §§ 1344 and 2)

10  **(DEFENDANTS GARCIA and STUELKE)**

11      1.    The allegations set forth in the Introductory Allegations and Count

12  Three of this Indictment are re-alleged and incorporated herein as if set forth in full.

13      2.    From on or about June 28, 2013, and continuing through on or about

14  March 11, 2014, in the State and Federal District of Nevada and elsewhere,

15  **defendants STUELKE and GARCIA,** did devise and intend to devise a scheme and

16  artifice to defraud federally insured financial institutions and to obtain moneys,

17  funds, credits, assets, securities, and other property owned by and under the custody

18  and control of a financial institution by means of false and fraudulent pretenses,

19  representations, and promises.

20      3.    On or about the dates identified below, in the State and Federal District

21  of Nevada, for the purpose of executing and attempting to execute the scheme to

22  defraud and to obtain money and property, **defendants STUELKE and GARCIA**

23  did knowingly cause to be submitted to the federally insured financial institutions

24

did knowingly cause to be submitted to the federally insured financial institutions

identified below, settlement and closing statements, and supporting documents

containing materially false and fraudulent pretenses, representations and promises

in order to cause the financial institutions to loan money to fund the purchase of the

properties identified below, with the submission of each settlement and closing

statements, and supporting documents constituting a separate violation of Title 18,

United States Code, Section 1344:

| COUNT | DEFENDANT | DATES | PROPERTY | FINANCIAL INSTITUTION |
|---|---|---|---|---|
| 13 | STUELKE GARCIA | 10/30/13 to 3/11/14 | 8626 Stark St., Riverside, CA | RPM Mortgage |
| 14 | STUELKE GARCIA | 7/26/13 to 1/27/14 | 782 W. 23rd St., San Bernardino, CA | Augusta Financial, Inc. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## FORFEITURE ALLEGATION ONE

### Bribery Concerning Programs Receiving Federal Funds and Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds

1.   The allegations contained in Counts One and Four through Nine of this

Criminal Indictment are hereby realleged and incorporated herein by reference for

the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section

981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

**BARAJAS AND CASSELL,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 666(a)(1)(B) and (a)(2), specified unlawful activities as defined in Title 18, United States Code, Section 1956(c)(7)(D), or Title 18, United States Code, Section 371, conspiracy to commit such offenses:

an in personam criminal forfeiture money judgment including, but not limited to, at least $422,969.94 as to BARAJAS and

an in personam criminal forfeiture money judgment including, but not limited to, at least $1,200,000 as to CASSELL

(all of which constitutes property).

3.   If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the in

1   personam criminal forfeiture money judgments including, but not limited to, at least

2   $422,969.94 as to BARAJAS and $1,200,000 as to CASSELL.

3       All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title

4   28, United States Code, Section 2461(c); Title 18, United States Code, Section 371

5   and 666(a)(1) and (a)(2); and Title 21, United States Code, Section 853(p).

6                    **FORFEITURE ALLEGATION TWO**

7   Bribery Concerning Programs Receiving Federal Funds and Conspiracy to Commit

8              Bribery Concerning Programs Receiving Federal Funds

9       1.   The allegations contained in Counts Two and Ten of this Criminal

10  Indictment are hereby realleged and incorporated herein by reference for the purpose

11  of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C)

12  with Title 28, United States Code, Section 2461(c).

13      2.   Upon conviction of any of the felony offenses charged in Counts Two and

14  Ten of this Criminal Indictment,

15                 **BARAJAS, MILLNER, and A. ACOSTA,**

16  defendants herein, shall forfeit to the United States of America, any property, real or

17  personal, which constitutes or is derived from proceeds traceable to violations of Title

18  18, United States Code, Section 666(a)(1)(B) and (a)(2), specified unlawful activities

19  as defined in Title 18, United States Code, Section 1956(c)(7)(D), or Title 18, United

20  States Code, Section 371, conspiracy to commit such offenses:

21      an in personam criminal forfeiture money judgment including, but not limited

22  to, at least $422,969.94 as to BARAJAS;

24

an in personam criminal forfeiture money judgment including, but not limited to, at least $3,000,000 as to MILLNER; and

an in personam criminal forfeiture money judgment including, but not limited to, at least $1,150,000 as to A. ACOSTA

(all of which constitutes property).

3.   If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the in personam criminal forfeiture money judgments including, but not limited to, at least $422,969.94 as to BARAJAS; $3,000,000 as to MILLNER; and $1,150,000 as to A. ACOSTA.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 371 and 666(a)(1) and (a)(2); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE

Bribery Concerning Programs Receiving Federal Funds and Conspiracy to Commit
Bribery Concerning Programs Receiving Federal Funds

1. The allegations contained in Counts Three and Eleven through Twelve of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts Three and Eleven through Twelve of this Criminal Indictment,

**BARAJAS, STUELKE, M. ACOSTA, A. ACOSTA, and GARCIA,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 666(a)(1)(B) and (a)(2), specified unlawful activities as defined in Title 18, United States Code, Section 1956(c)(7)(D), or Title 18, United States Code, Section 371, conspiracy to commit such offenses:

an in personam criminal forfeiture money judgment including, but not limited to, at least $422,969.94 as to BARAJAS;

an in personam criminal forfeiture money judgment including, but not limited to, at least $6,000,000 as to STUELKE;

an in personam criminal forfeiture money judgment including, but not limited to, at least $250,000 as to M. ACOSTA;

an in personam criminal forfeiture money judgment including, but not limited to, at least $1,150,000 as to A. ACOSTA; and

an in personam criminal forfeiture money judgment including, but not limited to, at least $193,000 as to GARCIA

(all of which constitutes property).

3.  If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the in personam criminal forfeiture money judgments including, but not limited to, at least $422,969.94 as to BARAJAS; $6,000,000 as to STUELKE; $250,000 as to M. ACOSTA; $1,150,000 as to A. ACOSTA; and $193,000 as to GARCIA.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 371 and 666(a)(1) and (a)(2); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION FOUR

### Bank Fraud

1.  The allegations contained in Counts Thirteen through Fourteen of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(a)(2)(A).

2.  Upon conviction of any of the felony offenses charged in Counts Thirteen through Fourteen of this Criminal Indictment,

### GARCIA and STUELKE,

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1344, or a conspiracy to commit such offense;

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of Title 18, United States Code, Section 1344, affecting a financial institution, or a conspiracy to violate such offense:

an in personam criminal forfeiture money judgment including, but not limited to, at least $193,000 as to GARCIA and

an in personam criminal forfeiture money judgment including, but not limited to, at least $6,000,000 as to STUELKE

(all of which constitutes property).

1    an in personam criminal forfeiture money judgment including, but not limited

2  to, at least $6,000,000 as to STUELKE

3  (all of which constitutes property).

4    3.   If any property being subject to forfeiture pursuant to Title 18, United

5  States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c)

6  and Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or

7  omission of the defendants –

8    a.  cannot be located upon the exercise of due diligence;

9    b.  has been transferred or sold to, or deposited with, a third party;

10    c.  has been placed beyond the jurisdiction of the court;

11    d.  has been substantially diminished in value; or

12    e.  has been commingled with other property which cannot be divided

13       without difficulty;

14  it is the intent of the United States of America, pursuant to Title 21, United States

15  Code, Section 853(p), to seek forfeiture of any properties of the defendants for the in

16  personam criminal forfeiture money judgments including, but not limited to, at least

17  $193,000 as to GARCIA and $6,000,000 as to STUELKE.

18    All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title

19

20  28, United States Code, Section 2461(c); Title 18, United States Code, Section

21

22

23

24

1    982(a)(2)(A); Title 18, United States Code, Section 1344; and Title 21, United States

2    Code, Section 853(p).

3

4    **DATED:** this 26th day of September, 2017.

5    **A TRUE BILL:**

6                                                                    /S/

7                                              FOREPERSON OF THE GRAND JURY

8

9    STEVEN W. MYHRE
     Acting United States Attorney

10

11   LISA C. CARTIER GIROUX
     Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24